UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-CV-60-TBR

ALLISAN T. LAMBERT BAUER,                                       **PLAINTIFF**

**v.**

KENTUCKY STATE POLICE POST 1, *et al.*,                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on various motions filed by Plaintiff and Defendants. Plaintiff filed a "Motion of Lawsuit and Execute Judgment of Settlement," [DN 2]; a "Motion of Complaint for Civil Rights of False Charges," [DN 3]; and a second "Motion of Complaint for Civil Rights of False Charges," [DN 9]. Defendant Marshall County Sheriff's Office ("MCSO") filed a Motion to Dismiss, [DN 11], to which Plaintiff responded, [DN 14], and MCSO replied, [DN 17]. Plaintiff also filed a third "Motion of Complaint," [DN 15], which is identical to Plaintiff's response, [DN 14], to MCSO's Motion to Dismiss. The Marshall County Detention Center ("MCDC") has also filed a Motion to Dismiss, [DN 13-1], as well as a reply, [DN 16-1], to Plaintiff's response, [DN 14], and "Motion of Complaint," [DN 15]. This matter is therefore ripe for adjudication. For the reasons stated herein, Defendant MCSO's Motion to Dismiss, [DN 11], is **GRANTED**; MCDC's Motion to Dismiss, [DN 13-1] is **GRANTED**; Plaintiff's complaint, [DN 1], is **DISMISSED WITH PREJUDICE**; and Plaintiff's "Motion of Lawsuit

1

and Execute Judgment of Settlement," [DN 2], and "Motion[s] of Complaint," [DN 3; DN 9; DN 15], are each **DENIED**.

## I.     BACKGROUND

Pro se Plaintiff Allisan T. Lambert Bauer filed the instant 42 U.S.C. § 1983 action on May 17, 2021, naming as defendants Kentucky State Police ("KSP") Post 1 and the MCSO. [DN 1].  She then filed a "Motion of Lawsuit and Execute Judgment of Settlement," [DN 2], a "Motion of Complaint for Civil Rights of False Charges," [DN 3], and a second "Motion of Complaint for Civil Rights of False Charges," [DN 9].[1] Later, in response to MCSO's Motion to Dismiss, she filed a third "Motion of Complaint," [DN 15]. These documents are largely unintelligible, which makes it difficult to discern the nature of Plaintiff's claims and requested relief. For example, the "Complaint for Violation of Civil Rights" form asks Plaintiff to identify the federal constitutional or statutory rights that she claims have been violated. [DN 1, p. 3]. In response, she wrote, "State of Kentucky/Sheriff Office of Marshall County as well as Kentucky State Police." *Id.* She does not reference the Fourth Amendment, Eighth Amendment, or any other federal constitutional or statutory provision upon which she relies. Nevertheless, the Court has tracked Plaintiff's claims as best it can, and it appears that Plaintiff intends to assert claims against the following defendants. Against MCSO and KSP Trooper Propes West,[2] Plaintiff

---

[1] Plaintiff has not moved to amend her initial complaint. Regardless, even if the Court accepts as true those facts listed in the complaint, [DN 1], and the subsequent filings, [DN 2; DN 3; DN 9; DN 15], her claims must be dismissed.

[2] In her complaint, Plaintiff names KSP Post 1 as a defendant; she does not name Trooper Propes as a defendant in the caption of her complaint, but he is mentioned multiple times in the complaint's body. *See, e.g.*, [DN 1, p. 2]. The Court therefore understands that Plaintiff intended to list both KSP Post 1 and Trooper Propes as defendants. *Benjamin v. Citibank South Dakota, N.A.*, No. 3:08-CV-416-M, 2008 WL 5192239, at *2 (W.D. Ky. Dec. 11, 2008) (explaining that "[t]he determination of whether an individual or entity is a party to the action 'hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption'" (quoting *Hoffman v. Halden*, 268 F.2d 280, 304 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24, 29–30 (Jan. 30, 1962))). For similar reasons, the Court finds that MCDC is also a defendant in this matter, as explained in more detail herein.

asserts claims under 42 U.S.C. § 1983 for false arrest and excessive force in violation of the Fourth and Eighth Amendments. Against MCDC, Plaintiff asserts a claim under 42 U.S.C. § 1983 for inadequate medical treatment at the time of her arrest and while incarcerated, in violation of the Eighth Amendment. As best the Court can tell, these claims arise from events allegedly occurring during her arrest by MCSO officers and her subsequent incarceration at the MCDC.

In addition to her complaint, Plaintiff has filed a "Motion of Lawsuit and Execute Judgment of Settlement," which names only "Equifax Corporate Office" as a defendant. [DN 2]. Like Plaintiff's other filings, the "Motion of Lawsuit" is difficult to decipher, but it appears that Plaintiff intends to file suit in this Court (and may have already filed suit in another court) against Equifax for its involvement in a data breach that resulted in the dissemination of Plaintiff's personal information. *See id.* at 1. This claim appears to be completely unrelated to Plaintiff's arrest and incarceration.

On May 27, 2021, summons were issued for MCSO (specifically to "Marshall County Sheriff Eddie McGuire"), MCDC (specifically to a "Mr. Gordon"), and "Kentucky STATE Police Propes West" (specifically to "Propes W Kentucky State Police"). [DN 7]. Subsequently, Plaintiff filed a signed handwritten document stating that "All peoples listed where (sic) served," naming MCSO, MCDC, Mr. Gordon, KSP, and Equifax Corporation. [DN 12]. The Court notes that only the MCSO and KSP Post 1 are named as defendants in the Caption of Plaintiff's Complaint. Nevertheless, it appears that MCDC was also served by certified mail. [DN 8]. However, while Plaintiff issued a summons to "Equifax Corporate Headquarters Office," the record does not reflect service on Equifax or any similar entity, *see* [DN 8], and Equifax has not appeared in this matter.

Both the MCSO and MCDC now move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12. [DN 11; DN 13-1]. Both parties argue that (1) Plaintiff's claims are unintelligible and (2) regardless, neither the MCSO nor the MCDC is an entity subject to suit under § 1983.

## II.    LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1993)). The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S. at 679.

On this point, the Court acknowledges that pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with pro se complainants, however, "does not require [the Court] to conjure up unpled allegations," or to create a claim for a pro se plaintiff. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see also Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Stated another way, a court is not

obligated to "stitch together cognizable claims for relief from [a] wholly deficient pleading" filed by a party. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also Plymale v. Freeman*, No. 90-2202, 1991 WL 54882, at *1 (6th Cir. 1991) (affirming district court's dismissal of 119-page "rambling complaint").

With this standard in mind, the Court has reviewed the MCSO and MCDC's motions and Plaintiff's various filings and has identified several procedural and substantive issues that warrant dismissal. The Court addresses each of these issues in turn.

## III.   ANALYSIS

### A.   Failure to Comply with Federal Rule of Civil Procedure 15

As an initial matter, the Court notes that Plaintiff has not moved to amend her initial complaint, despite filing several "Motion[s] for Complaint" that attempt to add new factual allegations, new causes of action and/or new defendants. [DN 2; DN 3; DN 9; DN 15]. For example, on May 17, 2021—the same day that she filed her complaint—Plaintiff filed a "Motion of Lawsuit and Execute Judgment of Settlement," [DN 2], asserting claims against Equifax Corporation, as well as a "Motion of Complaint for Civil Rights of False Charges," [DN 3], which expanded on the claims asserted in her complaint. On June 14, 2021, after service on some parties, she filed a second "Motion of Complaint for Civil Rights of False Charges," [DN 9], again expanding on her § 1983 claims. Then, after MCSO filed its Motion to Dismiss, [DN 11], Plaintiff filed a third "Motion of Complaint," [DN 15], which was also filed as a response to the Motion to Dismiss. *See* [DN 14]. The Court understands that each of these motions was an attempt to amend Plaintiff's initial complaint.

To the extent that Plaintiff has filed these documents as amendments to her complaint, she has failed to comply with Federal Rule of Civil Procedure 15. That rule allows a plaintiff to

amend her complaint "once as a matter of course" within twenty-one days of serving the complaint *or* twenty-one days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(A)–(B). The rule further provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was entitled to amend her complaint once as a matter of course, and all other attempted amendments were improper without first receiving leave of court. To date, the complaint has not been properly amended.

As a result, the Court will liberally construe Plaintiff's filings, [DN 2; DN 3; DN 9; DN 15], as motions seeking leave to amend. However, the Court notes that her proposed amendments would be futile, as they fail to comply with the Federal Rules of Civil Procedure and fail to identify defendants that can be sued under § 1983. These issues are discussed in more detail below. Accordingly, to the extent Plaintiff seeks leave to amend her initial complaint, those motions, [DN 2; DN 3; DN 9; DN 15], will be denied as futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." (citing *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993))). Further, because Plaintiff has filed four motions to amend and each has failed to comply with the Federal Rules of Civil Procedure, the Court will not provide any further opportunities to amend. *See Sims v. Atrium Medical Corp.*, 349 F.Supp.3d 628, 636 (W.D. Ky. 2018) (explaining that the Court may consider a plaintiff's "repeated failure to cure deficiencies by amendments" when considering a motion to amend (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

### A. Failure to Comply with Federal Rule of Civil Procedure 8

As an initial matter, the Court finds that Plaintiff's complaint and proposed amendments fail to comply with Federal Rule of Civil Procedure 8. The complaint and proposed amendments do not comply with Rule 8 because they do not contain a "short and plain statement of the claim[s] showing that [she] is entitled to relief" and Plaintiff's allegations are not "simple, concise, and direct," as required by the rule. Fed. R. Civ. P. 8(a)(2), (d)(1). Instead, much of Plaintiff's complaint and filings is rambling and incoherent. For example, in her initial complaint, in response to the question, "what constitutional right(s) do you claim is/are being violated by federal officials?" she responds, "The Rights of Given information to Senator office as well as both McCracken County Commonwealth and Marshall County Kentucky Commonwealth of events of Reasons of being a victim of crimes." [DN 1, p. 3]. In the section of the complaint form prompting her to explain the facts underlying her claim, she states,

> Letter of events to Govenor (sic) about problems with Judicial systems as well as False charges the Marshall County Police had charged Allisan T. Lambert Bauer sent certified letters U.S. Postal Service, with CRV information and letter From Govenor's (sic) Office. As well crime victim information. Andy Beshear, Kerry B. Harvey, Edith [illegible], Ray Perry on November 18, 2020 on date of arrest of False charges 10-15-2019 as well as on (19-F-000284) charges on state 4-22-2021. CRV information with explanation of events taken place.

*Id.* at 5. She further explains that she injured her pack and hip when

> Five Marshall County Police/Sheriffs office pulling Allisan T. Lambert Bauer off of the front steps because of tresspasser (sic) due to Sherriff (sic) Office and Brenda Lambert lying. Vandilism (sic) of vehicles and home/neither Kentucky state police would file reports on this on vehicles or trespassing on my private property with notice of sign in the Front beside driveway. As well Marshall Sherriffs (sic) office not in compliance with a protection order of events that had taken place since Domestic Violence Case and threats of Nicholas Eric [illegible] killing me being held at gunpoint.

*Id.* Unfortunately, the subsequent filings by Plaintiff are equally unintelligible.

Simply put, the basis of Plaintiff's claims is unclear, and her complaint is largely unintelligible. In fact, the Court is unable to fully discern the nature of Plaintiff's claims or her requested relief. Consequently, it is nearly impossible to determine whether Plaintiff has a viable claim that would allow the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged. The complaint (even when viewed in conjunction with Plaintiff's proposed amendments) fails to state a claim in a "simple, concise, and direct" manner, as required by Rule 8. Plaintiff has attempted to amend the complaint multiple times, [DN 2; DN 3; DN 9; DN 15], and each proposed amendment is equally undecipherable. Accordingly, the Court will order dismissal of the complaint as to all defendants, without further opportunity to amend. *See Sims*, 349 F.Supp.3d at 636.

**B.  Failure to State a Claim against MCSO**

In its Motion to Dismiss, [DN 11], MCSO argues that it is not an entity subject to suit and, regardless, the substance of Plaintiff's complaint and the facts related to her claims are unclear. *Id.* at 1–2. The latter argument has been discussed above. As the Court explained, the complaint will be dismissed for failure to comply with Rule 8. However, even if the Court allowed Plaintiff to amend her complaint to comply with Rule 8, the Court would still dismiss the claims against MCSO because it is not an entity subject to suit in this § 1983 action.

As MCSO points out, a sheriff's office is not an entity that can be sued under § 1983; instead, the proper defendant is the municipality itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Mayers v. Williams*, No. 16-5409, 2017 WL 4857567, at *3 (6th Cir. Apr. 21, 2017).  However, to the extent Plaintiff intended to sue Marshall County, the municipality, she fails to allege the necessary facts to survive a Rule 12 motion to dismiss. As the Sixth Circuit has explained, "[I]t

is well established that 'a municipal entity may not be sued for injuries inflicted solely by its employees or agents under § 1983.'" *Mayers*, 2017 WL 4857567, at *3 (quoting *Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015)). Instead, a municipality can be held liable for a violation of § 1983 only if the plaintiff demonstrates "(1) a deprivation of a constitutional right; and (2) that the municipal entity is responsible for that deprivation." *Id.* (quoting *Baynes*, 799 F.3d at 620). For example, "[a] local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights." *Id.* (quoting *Gregory v. City of Louisville*, 444 F.3d 724, 752–53 (6th Cir. 2006)) (internal quotation marks omitted). Where the plaintiff fails to allege or prove such facts, the suit is subject to dismissal. *See id.*; *Thomas v. City of Chattanooga*, 398 F.3d 426, 433–34 (6th Cir. 2005).

In this case, though the complaint is largely unintelligible, the Court understands that Plaintiff attempts to assert violations of the Fourth and Eighth Amendments. However, she has not alleged that the individual officers who allegedly violated her constitutional rights acted pursuant to an unconstitutional policy or custom. Accordingly, she has failed to allege facts— either in her complaint or in any of her several motions to amend, [DN 2; DN 3; DN 9; DN 15]—that would allow her to pursue her § 1983 claim against MCSO or Marshall County. Accordingly, the Court will grant MCSO's Motion to Dismiss, [DN 11].

### C.  Failure to State a Claim Against MCDC

MCDC has also filed a Motion to Dismiss, [DN 13-1]. MCDC first notes that it has not been listed as a defendant in the caption of the complaint, and the Clerk's Office does not recognize MCDC as a defendant in this case. [DN 13, p. 1; DN 13-1, p. 1] Nevertheless, MCDC explains, it has filed its Motion to Dismiss "out of an abundance of caution." *Id.*  In its Motion to Dismiss, MCDC argues that (1) it is not an entity subject to suit and (2) regardless, Plaintiff's

claims are unclear and must be dismissed. *Id.* at 2–3. The latter argument has been addressed above, and Plaintiff's complaint will be dismissed for failure to comply with Rule 8. However, even if the Court allowed Plaintiff to amend her complaint to comply with Rule 8, the Court would still dismiss the claims against MCDC because it is not an entity subject to suit under the facts alleged in this § 1983 action.

As an initial matter, however, the Court must consider whether MCDC is a defendant in this case. As MCDC points out in its motion, it is not listed as a defendant in the caption of this case. However, "[t]he determination of whether an individual or entity is a party to the action 'hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption.'" *Benjamin v. Citibank South Dakota, N.A.*, No. 3:08-CV-416-M, 2008 WL 5192239, at *2 (W.D. Ky. Dec. 11, 2008) (quoting *Hoffman v. Halden*, 268 F.2d 280, 304 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.3d 24, 29–30 (Jan. 30, 1962)).

In the original complaint, MCDC is referenced in the body of the complaint but is not listed in the caption. [DN 1 at 1, 4]. However, in each of Plaintiff's subsequent "Motion[s] of Complaint for Civil Rights of False Charges," MCDC is referenced as a defendant in the caption as well as in the body. [DN 3; DN 9]. Additionally, on or about June 14, 2021, Plaintiff served a summons on the MCDC, directed to a Mr. Gordon.[3] [DN 7; DN 12]. Under these circumstances, the Court finds that MCDC is a defendant in this action.

Because MCDC is a defendant, the Court will address MCDC's argument that it is not subject to suit. Like the sheriff's office, the county detention center is not an appropriate defendant in a § 1983 suit. *See Marbry v. Correctional Medical Services*, 238 F.3d 422 (Table), 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). And, to the extent that Plaintiff intended to sue

---

[3] In MCDC's Motion to Dismiss, MCDC states that "there is no 'Mr. Gordon' at the Marshall County Detention Center." [DN 13-1 at 92, note 1].

Marshall County, she must allege (and ultimately prove) that the county is responsible for the deprivation of a constitutional right—i.e., that the unconstitutional actions of its employees resulted from an official policy or custom actually. *Mayers*, 2017 WL 4857567, at *3. Plaintiff has not made any such allegations, either in her complaint or in any of her several motions to amend, [DN 2; DN 3; DN 9; DN 15]. Accordingly, the Court will grant MCDC's Motion to Dismiss, [DN 11].

### D.  Failure to Comply with Federal Rule of Civil Procedure 20

The Court next turns to Plaintiff's complaints about Equifax. As noted above, Plaintiff has filed a "Motion of Lawsuit and Execute Judgment of Settlement," naming only Equifax Corporate Office as a defendant. [DN 2]. Though the exact allegations against Equifax are unclear, it appears that Plaintiff intends to file suit in this Court (or has already filed suit in another court) against Equifax for its involvement in a data breach that resulted in the dissemination of Plaintiff's personal information. *See id.* at 1.  She specifically references the Fair Credit Reporting Act (mislabeled as the "Fair Act Credit Reporting Act"), and she makes no reference in this motion of her arrest by MCSO officers or her incarceration at MCDC. *Id.* at 2.

To the extent Plaintiff intended to add claims against Equifax Corporate Office, she has not complied with Rules 8 or 15, as noted above, but regardless, any such amendment would be futile, as it would run afoul of Federal Rule of Civil Procedure 20. That rule permits a plaintiff to join multiple defendants in a single action so long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A). Here, the claims against Equifax stem from an alleged data breach in violation of the Fair Credit Reporting Act and are

completely unrelated to Plaintiff's constitutional claims arising from her arrest by MCSO officers and her incarceration at MCDC. Thus, it appears Plaintiff is trying to bring a wholly separate claim against a different defendant in violation of Rule 20. Accordingly, the Court will deny Plaintiff's "Motion of Lawsuit and Execute Judgment of Settlement," [DN 2], which the Court has liberally construed as a motion to amend.

## IV.    CONCLUSION

In sum, even after viewing the complaint (and Plaintiff's subsequent filings) in the light most favorable to Plaintiff and accepting its factual allegations as true, the Court finds that Plaintiff failed to state a claim upon which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Marshall County Sheriff's Office's Motion to Dismiss, [**DN 11**], is **GRANTED**; Defendant Marshall County Detention Center's Motion to Dismiss, [**DN 13-1**], is **GRANTED**; the complaint, [**DN 1**], is **DISMISSED WITH PREJUDICE** as to all defendants. This matter shall therefore be **STRICKEN** from the Court's active docket.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion of Lawsuit and Execute Judgment of Settlement," [**DN 2**], "Motion[s] of Complaint for Civil Rights of False Charges," [**DN 3**; **DN 9**], and "Motion of Complaint," [**DN 15**], which the Court liberally construes as motions to amend, are each **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 20, 2021

12